## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK EDWARD KEARNEY,** | : | |
| | : | **Civil No. 3:11-CV-01419** |
| **Plaintiff,** | : | |
| | : | **(Judge Caputo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JPC EQUESTRIAN, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

*Pro se* Plaintiff, Mark Kearney has brought this action against Defendant, JPC Equestrian, Inc. ("JPC"), alleging breach of contract, fraud and misrepresentation, "unlawful dismissal," and "mental anguish. Kearney initially filed this complaint against JPC and Varun Sharma ("Sharma") in the Commonwealth of Kentucky, 22nd Judicial Circuit, Fayette Circuit Court, at Civil Case No. 11-CI-869, on February 16, 2011. On March 9, 2011, JPC and Sharma removed the case to the United States District Court for the Eastern District of Kentucky, and the case was assigned to the Honorable Jennifer B. Coffman. On August 2, 2011, Judge Coffman issued a Memorandum and Order dismissing Plaintiff's claims against Sharma and transferring the case as against JPC to this Court.

JPC then moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On January 4, 2012, we recommended that the Court dismiss Plaintiff's tort claims and his claim for punitive damages, but permit the litigation to move forward with respect to Plaintiff's claims for breach of contract. In the meanwhile, Kearney has submitted two additional *pro se* filings: (1) a motion to add Varun Sharma, who was previously dismissed from this case and is described as a resident of Luzerne County, Pennsylvania, as a defendant in this action (Doc. 40); and (2) a document styled as an amended complaint, which has been docketed as a motion to amend a complaint. (Doc. 41)

Because there are significant legal pitfalls to the actions outlined and proposed by Kearney in these pleadings, we believe that Kearney would be well-advised to consider the future course of this litigation in the light of this report and recommendation.  Therefore, we will deny these separate motions without prejudice to renewal of the motions upon Kearney's consideration of these threshold legal obstacles to maintaining these tort claims.

At the outset, Kearney's motion to add Varun Sharma as a defendant in this action (Doc. 40), may lead to an unintended consequence for Kearney, the dismissal of this action or the remand of this case to state court.  These consequences may flow from the fact that this case is in federal court due to the alleged diversity of

citizenship between the plaintiff, a Pennsylvania resident, and the defendant, a Kentucky corporation.  The proposed addition of Sharma, who is described as a Pennsylvania resident, to this case as a defendant may destroy diversity of citizenship, divest this court of jurisdiction, and compel the dismissal or remand of the case to state court pursuant to 28 U.S.C. §1447.  Kearney is advised to be aware of these potential pitfalls before pursuing this course of action.

Similarly, Kearney may not unilaterally amend his complaint at this juncture as he apparently endeavors to do. (Doc. 41)  The amendment of complaints is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which was amended in December 2009 to provide as follows:

**(a) Amendments Before Trial**

**(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:

**(A)** 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . .

**(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

F. R. Civ. P. Rule 15(a).

Here Kearney's proffered amended complaint was filed beyond the 21-day time limit prescribes by Rule 15(a)(1).  Therefore, Kearney must file a motion for leave to amend, as required by Rule 15(a)(2), if he wishes to amend this pleading.  Since this amended pleading, (Doc. 41), currently does not comport with the requirements of Rule 15, leave to amend will not be granted at this time.  Instead, Kearney is advised to fully consider the consequences of any such proposed amendments of these pleadings, in light of the outstanding report and recommendation filed in this matter.  If Kearney then wishes to amend his complaint, by attempting to add claims or parties, he should file a motion for leave to amend, along with a proposed amended complaint, for consideration by the Court.

Accordingly, this 5th day of January 2012, for the foregoing reasons, IT IS ORDERED that Kearney's motion to add Varun Sharma, who is described as a resident of Luzerne County, Pennsylvania, as a defendant in this action (Doc. 40); and Kearney's pleading styled as an amended complaint, which has been docketed as a motion to amend a complaint, (Doc. 41), are DENIED without prejudice to re-filing these documents in light of the report and recommendation filed in this matter.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

4