# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK EDWARD KEARNEY, | No. 3:11-CV-01419 |
| PLAINTIFF, | (JUDGE CAPUTO) |
| v. | (MAGISTRATE JUDGE CARLSON) |
| JPC EQUESTRIAN, INC., | |
| DEFENDANT. | |

## MEMORANDUM ORDER

Presently before the Court is the Report & Recommendation (Doc. 55) to Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 51) and Plaintiff's Motion to Add Varun Sharma as a Defendant (Doc. 50.) Magistrate Judge Carlson recommends Plaintiff's motion to amend his complaint to add claims for breach of contract and for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, be granted, but that the motion to amend otherwise be denied. Furthermore, Magistrate Judge Carlson recommends denying Plaintiff's motion to join Varun Sharma as a Defendant because Plaintiff failed "to explain how he has any independent claims against this individual that are separate or distinct from those brought against JPC itself." (Doc. 55, 30.)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7

(3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

Defendant JPC Equestrian did not file objections to the Magistrate Judge's Report and Recommendation. Plaintiff, however, filed: (1) a document entitled "Objections to Magistrate Judge's Report and Recommendation and Motion for Leave to File and Serve Second Amended and Consolidated Complaint" (Doc. 56); and (2) a copy of the proposed Second Amended and Consolidated Complaint. (Doc. 57.) In his motion, Plaintiff states that he "objects only to the portion of the Report and Recommendation as it recommends that Sharma not be named as a party." (Doc. 56, 2.) In opposition, Defendant asserts that "Plaintiff does not make a single allegation in his objection/appeal that his First Amended and Restated Complaint adequately demonstrates a legitimate claim against Mr. Sharma

2

individually." (Doc. 59, 9.)  In his reply to this argument, Plaintiff agrees that this statement "is true," and "the facts concerning Sharma's sales of Indian-made products in the United States in his individual capacity, or in his capacity as the officer or agent of some corporate entity unknown to Kearney were not fully explicated in the prior complaints." (Doc. 60, 6.)

Based on the foregoing, Plaintiff's concession that it "is true" that the First Amended and Restated Complaint fails to assert a legitimate claim against Varun Sharma establishes that Plaintiff has not objected to the Report and Recommendation's suggestion that the motion to join be denied for failure to demonstrate a right to relief against Sharma.[1]  And, finding no clear error or manifest injustice in the Report and Recommendation, Magistrate Judge Carlson's recommendations will be adopted.

## ORDER

**NOW** this 30th day of August, 2012, upon review of the Report and Recommendation of Magistrate Judge Carlson (Doc. 55) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1)     The Report and Recommendation (Doc. 55) is **ADOPTED.**

---

[1]  Instead, Plaintiff's submissions clearly demonstrate that he is actually seeking leave to file the Second Amended and Consolidated Complaint to cure the deficiencies in the First Amended and Restated Complaint identified by Magistrate Judge Carlson.  As this is not the issue before the Court in deciding whether to adopt or reject the Report and Recommendation, the Court will not resolve whether Plaintiff should be granted leave of court to file a second amended pleading.  If Plaintiff still desires leave to file the Second Amended and Consolidated Complaint, he may make a proper request for leave of court to file this pleading.  And, after the request is fully briefed, the Court will determine whether leave is permitted or warranted in this action.

(2) Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 51) is **GRANTED in part and DENIED in part**. Plaintiff's motion to amend his complaint to include claims for breach of contract and age discrimination is **GRANTED**. The motion to amend is otherwise **DENIED** in all respects.

(3) Plaintiff's Motion to add Varun Sharma as a Defendant (Doc. 50) is **DENIED**.

(4) The matter is **RECOMMITTED** to Magistrate Judge Carlson for further proceedings.

      /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge