**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK EDWARD KEARNEY,** | : | |
| | : | **Civil No. 3:11-CV-01419** |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JPC EQUESTRIAN, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

*Pro se* Plaintiff, Mark Kearney initiated this action against JPC Equestrian, Inc. ("JPC"), and one of JPC's executives, Varun Sharma ("Sharma"), in the Commonwealth of Kentucky, 22nd Judicial Circuit, Fayette Circuit Court, at Civil Case No. 11-CI-869, on February 16, 2011. On March 9, 2011, JPC and Sharma removed the case to the United States District Court for the Eastern District of Kentucky, and the case was assigned to the Honorable Jennifer B. Coffman. On August 2, 2011, Judge Coffman issued a Memorandum and Order dismissing Plaintiff's claims against Sharma and transferring the case as against JPC to this Court.

In the original complaint, Kearney alleged the following factual averments: On January 28, 2002, Kearney and JPC entered into a Sales Representation Agreement, whereby Kearney agreed to provide sales and marketing services for JPC. (Doc. 1-1.)

Serving as a Sales Representative for JPC, Kearney was responsible for implementing a marketing program to sell JPC's products, included initiating business relationships with retailers within Kearney's geographic sales territory.  Id.  The agreement limits compensation for Kearney's services to "commissions on those sales made by the company which directly result from [Kearney's] introductions or other interventions."  Id.  Moreover, Kearney was to earn commissions under the agreement at a rate of ten percent of the total net payable invoices.[1]  Id.  Furthermore, the Agreement required JPC to provide samples at no cost to Kearney.  Id.  Finally, according the terms, JPC would provide to Kearney a statement showing the calculation of "commissions paid, earned and/or reimbursed," on a monthly basis at the time of payment of commissions.  Id.  Kearney served as Sales Representative for JPC until August 6, 2010, when he claims that JPC terminated him because the company "decided to go with young female riders."

Subsequently, Kearney alleged that JPC failed to pay his ten percent commission on the "Petsmart account," instead paying him only five percent for the first four years.  At that point, Kearney claimed that JPC converted the Petsmart account into a "house account," and thus paid him no commissions whatsoever.

---

[1]"Net Payable Invoice," under the agreement, "shall equal the gross amount of an invoice, less discounts, sales taxes, if any, allowances, and returns."

Kearney also alleges that JPC "sold direct" to a number of Kearney's customers in order to avoid paying Kearney a commission as required under the Agreement. Finally, Kearney alleges "unlawful dismissal," "mental anguish," and punitive claims. (Id.)

On April 16, 2012, Kearney filed two motions. In the first, the Plaintiff sought leave to add Varun Sharma as a Defendant pursuant to Rule 20 of the Federal Rules of Civil Procedure authorizing joinder of parties. (Doc. 50.) In the second, the Plaintiff sought leave to file an amended complaint to include not only claims for breach of contract, but also claims for: fraud; violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); negligent misrepresentation; breach of fiduciary duty and the implied covenant of good faith and fair dealing; tortious interference with contractual relations; and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA").

On June 7, 2012, we issued a Report and Recommendation with respect to these motions, (Doc. 55.), which recommended that Plaintiff's motion to amend his complaint (Doc. 51.) be granted in part, and denied in part, as follows:

1. Plaintiff should be granted leave to amend his complaint to include claims for breach of contract and for age discrimination in violation of the ADEA.

  2. In all other respects, Plaintiff's motion to amend his complaint should be denied.

It was further recommended that Plaintiff's motion to join Varun Sharma as a Defendant (Doc. 50.) be denied.

This Report and Recommendation was adopted by the District Court on August 30, 2012. (Doc. 61.) While this Report and Recommendation was pending Kearney filed pleadings which we construe as motions to amend his complaint to add parties and claims that ware the subject of the Report and Recommendation. (Docs. 56 and 57.) In particular, in these pleadings, Kearney once again attempts to name Varun Sharma as a party in this lawsuit. Because these claims have already been addressed by the District Court when it adopted this Report and Recommendation over Kearney's objections, we will DENY these motions, and instead instruct Kearney to file an amended complaint, if he wishes to do so, in accordance with the prior rulings of this Court on or before **October 1, 2012**.

            */s/ Martin C. Carlson*
            Martin C. Carlson
            United States Magistrate Judge

Dated: September 10, 2012