IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK EDWARD KEARNEY,** | : | |
| | : | **Civil No. 3:11-CV-01419** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JPC EQUESTRIAN, INC. and** | : | |
| **VARUN SHARMA,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

## I.    INTRODUCTION

In this action the plaintiff, Mark Kearney, has sued his former employer, JPC
Equestrian, and its President, Varun Sharma, alleging that the defendants wrongfully
terminated his employment, and breached sales agreements with Kearney by either
failing to pay him sales commissions or by paying reduced commissions that did not
satisfy contractual obligations.  Kearney has also alleged that Sharma tortiously
interfered with Kearney's sales representation agreement with JPC, and that he
suffered damages as a result.  Finally, Kearney has alleged that JPC discriminated
against him on the basis of age and gender when it terminated the parties' relationship.

The procedural history of this litigation, which has been halting at times, is
familiar to the parties and does not warrant extended discussion here.  The discovery
period has now closed and the defendants have filed a motion for summary judgment

on Kearney's claims, and Kearney has filed a motion for partial summary judgment.

(Docs. 103, 111.)  Those motions are pending, and further litigation in this matter has

been stayed pending the Court's resolution of the motions.

This matter now comes before the Court on the plaintiff's motion to compel the

defendants to produce email, invoices and certain sales information, and Varun

Sharma's individual tax returns, all of which the plaintiff claims the defendants have

failed to provide despite his repeated requests.[1]   (Doc. 121.)   In response, the

defendants have represented that they have produced all responsive emails requested

by the plaintiff and that there are no further responsive emails to produce.  In addition,

the defendants have agreed to provide Kearney with sales information that is

effectively responsive to his discovery inquiries within 15 days of the date of this

order, and they have requested that the Court either deny the plaintiff's request for

Sharma's income tax statements or defer a decision until after first ruling on the

defendants' pending motion for summary judgment.

For the reasons discussed briefly below, the plaintiff's motion will be granted

in part and denied in part.

---

[1] Although the discovery period has now closed, Kearney filed the motion to compel on July 8, 2014, shortly before the discovery period ended.  Furthermore, Kearney filed the motion pursuant to direction from the Court following a telephone conference with the parties held on July 1, 2014.  Accordingly, the motion is timely and properly filed.

## II.   **DISCUSSION**

Under the Federal Rules of Civil Procedure, parties are permitted to engage in a broad range of discovery as part of the litigation process.  Rule 26(b)(1) of those Rules provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).   Kearney's motion, and the defendants' response in opposition to this motion, call upon the Court to exercise its authority under Rule 26 of the Federal Rules of Civil procedure to regulate discovery in this case. Issues relating to the scope of discovery permitted under the Rules rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through

discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense". Therefore, valid claims of privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

## A.    Email

Kearney first contends that the defendants have failed to produce what he generally calls "all relevant emails," which in his original discovery requests, were defined as "All emails that mention, or refer to the Plaintiff, however, marginally, in any way shape or form from 2002 through 2010." (Doc. 122, Ex. C.) The defendants have provided the plaintiff with approximately 250 pages of emails dating back to 2005, but the plaintiff believes there may be more that have not been produced. The defendants flatly dispute this assertion, and have explained the way in which they searched for responsive email in their initial disclosures and in response to Kearney's discovery request.

In order to cull responsive emails, the defendants searched the email boxes assigned to Varun Sharma and Richard Knapp, JPC's Comptroller, as the two employees who "reasonably could have had communications with or about Kearney

regarding the subject matter of this litigation." (Doc. 124, at 10.)  Kearney has

suggested that other email must exist, and he argues that the defendants should scour

the email accounts for since-departed employees to search for responsive email.  The

defendants have flatly represented that these emails "do not exist."  Sharma has sworn

under oath that his email box has been thoroughly searched, and that there are not

further responsive emails.  (Doc. 124, Ex. B.)

It is an obvious truism that a court should not enter an order compelling a party

to produce documents where the documents do not exist.  See, e.g., Taylor v.

Harrisburg Area Comm. Coll., 2013 WL 6095481 (M.D. Pa. Nov. 20, 2013).  Such

is the case here, and we find there is no basis to order the defendants to produce

additional emails from Sharma's email box in the face of his sworn representation that

no additional responsive emails exist.

Likewise, we find no basis to compel the production of other email that

Kearney believes must exist on computers that were once used by former employees

or other personnel whom Kearney believes may have been privy to email relevant to

this litigation.  The defendants have represented to the Court that JPC Equestrian does

not maintain a central server for storing emails, and email retention for each employee

is computer-specific.  In layman's terms, this means that an employee's emails reside

solely on an employee's respective computer, and not elsewhere within the company.

The defendants have affirmatively represented that when an employee leaves JPC

Equestrian, their computer is "scrubbed," and reassigned to another employee.  Such

is the case with two employees who Kearney believes may have had relevant emails:

Nina Depetris (former Vice President), and Ron Valtos (former Comptroller).  These

employees left the company in 2009 and 2010 respectively, and their computers were

"scrubbed" and reassigned shortly thereafter, and prior to this litigation being

commenced.  The defendants thus maintain that by the time this litigation commenced

in February 2011, any emails residing on the computers used by Depetris or Valtos

had long since been deleted from their computers, which had been reassigned.[2]

Considering the defendants' representations regarding their initial disclosures

to the plaintiff and their responses to the plaintiff's request for relevant emails,

together with their explanation regarding the email retention system that JPC uses for

---

[2] The plaintiff has not suggested that by "scrubbing" or reassigning these computers a year or more before this litigation commenced that the defendants have knowingly, intentionally, or recklessly destroyed relevant documents.  We thus find no basis on the record to conclude that the defendants failed to abide by their obligation under the Federal Rules of Civil Procedure to preserve potentially relevant evidence.  Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable litigation."  Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 430 (S.D.N.Y. 2004) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999).  The plaintiff has not suggested, much less shown, that the defendants failed in their duty to preserve potentially relevant evidence.

its employees, we have no basis to conclude that the defendants have withheld responsive documents, or that there is any basis to compel a further response regarding potentially relevant email communication.  Kearney's motion to compel further production of responsive email, which the defendants attest do not exist,  will therefore be denied.

## B.    JPC-India Invoices and Territory Sales Figures

Kearney has also sought to compel production of invoices of any products sold by JPC's Indian operations, and has further requested that the defendants be required to create and furnish him with lists setting forth certain sales and commission information.  The defendants have opposed this motion on the grounds that this request is improper because it seeks to require JPC to create documents that currently do not exist, or to provide the plaintiff with information in a format of his choosing but which is not the format the company uses to maintain the information being sought.

Whatever the merits to the defendants' initial opposition to the plaintiff's request for this information, because the defendants have affirmatively represented that they would be producing relevant invoices in the possession of JPC-India, and gross sales information and other documents that would be substantially responsive to Kearney's request for sales and commission figures, we find no basis to compel

further production.  Instead, we will require only that the defendants satisfy the

representations made in their brief.[3]

### C.    Varun Sharma's Tax Returns

Lastly, the plaintiff has requested that the Court compel Varun Sharma to

produce his tax returns, which the plaintiff believes may be relevant to the plaintiff's

claims for punitive damages.  The defendants have resisted producing these materials,

in part because the information sought is sensitive, personal information of little

relevance to this case, and apparently in part on the grounds that they anticipate

prevailing on their pending motion for summary judgment. Alternatively, the

defendants suggest that the Court defer ruling on this aspect of the plaintiff's motion

until after the summary judgment motions have been resolved.   See Gast v.

Whitmeyer, Civ. A. No. 87-1558, 1988 WL 3092, at *1 (E.D. Pa. Jan. 14, 1988)

(denying motion to compel production of tax returns without prejudice to their

---

[3] We thus acknowledge the defendants' agreement to furnish Kearney with information that is substantially responsive to his request for sales information relating to JPC's Indian operations, and for house account statements that are relevant to Kearney's claim that he was denied sales commissions in numerous instances.  The defendants represented in July 2014 that they would provide this information to Kearney within 15 days, and it is presumed that this information has therefore long-since been produced to Kearney.  However, in the event that the defendants have awaited a ruling on Kearney's motion to compel before producing the information they previously agreed to provide, they will be directed to produce the responsive information within 14 days from the date of this order.

renewal if the defendants' pending motions for summary judgment were denied).

We believe that denying this particular request without prejudice to its renewal upon resolution of the pending summary judgment motions strikes the appropriate balance between Sharma's reasonable interest in guarding personal financial information from discovery, while at the same time preserving Kearney's opportunity to seek this information if the defendants' motion for summary judgment is ultimately denied, and the litigation proceeds on claims that may give rise to punitive damages.

## III.   ORDER

Accordingly, for the reasons set forth above, the plaintiff's motion to compel will be granted in part and denied in part as follows:

1.   The plaintiff's motion will be DENIED to the extent it seeks an order compelling the defendants either to produce further responsive emails or to direct the defendants to undertake another search for responsive emails that the defendants represent do not exist.

2.   The plaintiff's motion to compel the defendants to produce information relating to JPC-India sales, and sales information from within Kearney's sales territories, will be GRANTED, **but only** with respect to sales information from JPC-India and gross sales information for transactions made within Kearney's alleged sales territories dating back to 2002 that

the defendants have affirmatively represented that they would be producing to Kearney. To the extent that Kearney is seeking to compel the defendants to produce more than the information they have represented would be produced, the motion is denied.

3.  The plaintiff's motion to compel the defendants to produce Varun Sharma's tax returns and related information is denied without prejudice to the plaintiff renewing this request if the defendants' motion for summary judgment is denied in whole or in part.


/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

Dated: October 30, 2014